UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MR. COOPER GROUP INC., AS SUCCESSOR IN INTEREST TO HOME POINT FINANCIAL CORPORATION,<br><br>PLAINTIFF,<br><br>v.<br><br>AHL FUNDING,<br><br>DEFENDANT. | CASE NO. 4:23-CV-11108-SDK-APP<br><br>Honorable Shalina D. Kumar<br>United States Magistrate Judge<br>Anthony P. Patti |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties respectfully submit the following Agreed Protective Order, to protect all documents, testimony, and other information produced during discovery that is designated confidential as provided in this Agreed Protective Order. Therefore, IT IS ORDERED that:

1. Any attorney of record may designate any document or part thereof, including interrogatory responses and deposition transcripts, as "CONFIDENTIAL" if the designating party reasonably believes in good faith that the designated document or part thereof constitutes trade secret, confidential, or proprietary information belonging to the designating party.

2. To be deemed "CONFIDENTIAL", produced documents shall be clearly marked on the first page with the notation "CONFIDENTIAL".  In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced.

3. A party may designate information provided in discovery in something other than a document as "CONFIDENTIAL" by communicating to counsel of record the scope of the information asserted to be "CONFIDENTIAL."

33350316 v1

4. Any document or information designated as "CONFIDENTIAL" under the terms of this Agreed Protective Order may be used by non-designating parties solely in connection with the above-captioned action or any appeal therefrom and may not otherwise be disclosed or used by a non-designating party for any other purpose whatsoever.

5. Any document or information designated as "CONFIDENTIAL" under the terms of this Agreed Protective Order shall be disclosed only to:

(a) the Judge (the "Court"), any court considering this case on appeal, persons employed by the Court, and stenographers transcribing testimony or argument at a deposition, hearing, or trial in (or appeal of) this case;

(b) counsel of record for this case and the attorneys, paralegals, and other employees of their law firms to whom it is necessary that the material be shown for purposes of this litigation;

(c) any person not employed by a party who is expressly retained by any party or any attorney described in paragraph (b) above to assist in conducting this case, provided that such designated person is provided a copy of this Agreed Protective Order and agrees to be bound by its terms;

(d) any party or any person employed by any party, if it is necessary for that person to assist counsel in the pursuit or defense of this case;

(e) any witness at a deposition, hearing, or trial in this case, provided that the witness is provided a copy of this Agreed Protective Order and agrees to be bound by its terms;

(f) the disclosing party at said party's deposition or testimony in this action; or

(g) the person or entity which wrote or received the document, or gave testimony, designated as "CONFIDENTIAL".

6. The parties may agree in writing or on the record to allow disclosure of documents or information designated as "CONFIDENTIAL" to an individual who otherwise would not be authorized to receive such information hereunder.

7. Counsel shall take all steps reasonably necessary to advise any person to whom "CONFIDENTIAL" matter may be disclosed, or by whom it may be used, of the terms of this Agreed Protective Order.

8. Nothing in this Protective Order shall prevent any party from using documents or information designated as "CONFIDENTIAL" at hearings, trial, or in court filings, subject to the provisions and restrictions of this Protective Order.

9. If a party seeks to file any documents that have been so designated under this Protective Order, the party must first file a motion to authorize filing the designated documents under seal pursuant to Local Rule 5.3(b). A party must strictly adhere to the procedural steps set forth in Local Rule 5.3(b) to file designated documents under seal. Among the other requirements of Local Rule 5.3(b), any motion to file under seal must contain:

> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
>
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
>
> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;

(iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;

(v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit. The redacted version must be clearly marked by a cover sheet or other notation identifying the document as a "REDACTED VERSION OF DOCUMENT(S) TO BE SEALED"; and

(vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. Under this section the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order. The unredacted version must be clearly marked by a cover sheet or other notation identifying the document as an "UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR 5.3(b)(3)(B)(iii)." The unredacted version must clearly indicate, by highlighting or other method, the portions of the document which are the subject of the motion.

10. If the Court has not ruled on the sealing motion by the time the underlying filing must be made, said filing shall have redactions matching those submitted under paragraph 9(v).

11. In addition, the entire pleading, paper, exhibit, or other document may not be filed under seal. Only the portion of the document(s) which is not to be publically disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation of why the portion of the document(s) is "CONFIDENTIAL."

12. The burden of demonstrating that documents or information should be filed under seal is on the party who designated such documents or information. If a party's request to file certain documents or information under seal is denied by the Court, the party may file the information in the public record unless otherwise instructed by the Court.

13. Whenever the "CONFIDENTIAL" documents or information are presented, quoted, or referred to in any deposition, any person who is not authorized to view the document or learn the information contained therein shall be excused from the deposition until the conclusion of the pertinent line of questions about the relevant documents or information.

14. At the conclusion of this action, including any appeals, "CONFIDENTIAL" documents, including all copies, shall be destroyed or returned to the person who furnished it and the information therein shall not be otherwise disclosed or used for any purpose.

15. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any stage of these proceedings with the designation of any document or information as "CONFIDENTIAL" or reasonably believes that such designations are overly broad, the parties shall make a good faith effort to resolve the dispute. If the parties cannot resolve the dispute, the party contesting the confidentiality of the document or information may seek an order freeing the documents or information in question from the designation and status as "CONFIDENTIAL" information. If submitted to the Court, the Court shall make an independent determination as to whether any document information is to be protected from public disclosure and this order shall not alter the burden of proof as to this issue.

16. In the event that anyone violates or threatens to violate any term of this Agreed Protective Order, the parties agree that the aggrieved party may, after providing notice to all other parties, seek appropriate relief from the Court or any other court of appropriate jurisdiction.

17. This Agreed Protective Order shall not apply to information obtained from the public domain, regardless of whether such information is also contained in information or documents designated "CONFIDENTIAL" pursuant to this Agreed Protective Order.

18. Nothing contained in this Agreed Protective Order shall be construed as a waiver of any rights of any of the parties, nor as evidence of the confidential nature of any documents or information so designated, nor as an admission or acknowledgement by any party that any such document or information is in fact, confidential, proprietary, or otherwise protectable. The fact that a document or information has been designated "CONFIDENTIAL" shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any such document or information, at the time of final hearing or otherwise. This Agreed Protective Order shall not affect any party's right to object to the use in this litigation of information on any ground or to use its own documents or other documents lawfully obtained from a third party in any manner permitted by law. Consent to and entry of this Agreed Protective Order shall not restrict the right of any party to file an application for an order seeking modification of this order or further protection.

_____
ANTHONY P. PATTI
United States Magistrate Judge

Dated:  September 9, 2024
SO STIPULATED:

/s/ Neal Bailen_____
Neal Bailen

6

STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:  (812) 282-7566
Email:  nbailen@stites.com

Erik Johnson
Plunkett Cooney
38505 Woodward Ave Ste 100
Bloomfield Hills, MI 48304
Telephone: (248) 433-2311
Email: ejohnson@plunkettcooney.com

*Counsel for Home Point Financial Corporation*


s/ Mark J. Makoski
Thomas M. Schehr (P54391)
Mark James Makoski (P81243)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
313-568-6941
Email: tschehr@dykema.com
mmakoski@dykema.com

*Counsel for Defendant AHL Funding*

## **CERTIFICATE OF SERVICE**

      I certify that on September 5, 2024, the foregoing document was submitted to the Court via the Proposed Orders link and was served via electronic mail upon the following:

  Thomas M. Schehr (P54391)
Mark James Makoski (P81243)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
tschehr@dykema.com
mmakoski@dykema.com

                                          */s/ Neal Bailen*
                                          Neal Bailen

124763.000001  4864-5967-3560.1